UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus J. Anderson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Greenville Health System, )<br>JA Piper Roofing Co., )<br>)<br>Defendants. )<br>_____ ) | C/A No. 6:19-cv-00859-DCC-JDA<br><br><br><br>**ORDER REGARDING AMENDMENT** |

Rufus J. Anderson ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action alleging discrimination and retaliation. [Doc. 1 at 3.] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C. Having reviewed the Complaint in accordance with applicable law, the Court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.[1]

## **BACKGROUND**

Plaintiff commenced this action by filing a Complaint against two Defendants, asserting claims for discrimination and retaliation. [Doc. 1 at 2.] Plaintiff alleges, verbatim, as follows:

> While employed with [Defendant] J.A. Piper I was subjected to harassment and a hostile working environment[.] My work performance was subjected to heightened scrutiny. As a result of unlawful treatment, I was denied a promotion on

---

[1]Plaintiff has not filed a Form USM 285 for any of the named Defendants. Accordingly, if Plaintiff files an amended complaint, he must also file a Summons and Form USM 285 for each Defendant named in the amended complaint and in accordance with the directions contained in this Court's Order dated March 27, 2019.

> Sept[ember] 12, 2018. I believe this to be a result of my
> engagement in a protected activity.

[*Id*. at 5.] Plaintiff makes no other allegations in his Complaint. For his relief, Plaintiff requests an award of actual and punitive damages, "incurred by hostility in the work place." [*Id*.]

## **STANDARD OF REVIEW**

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, Plaintiff's Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in his pleadings, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

2

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, this Court possesses the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted);

3

*see also Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

## **DISCUSSION**

Plaintiff alleges that he filed this action for discrimination and retaliation under 42 U.S.C. § 5000e. [Doc. 1 at 3.] While Plaintiff's intent is unclear, it appears that he may be asserting his claims under Title VII, which is codified at 42 U.S.C. § 2000e and not § 5000e. Title VII creates a federal cause of action for employment discrimination, making it an unlawful employment practice for an employer to fail or refuse to hire, or otherwise discriminate against, any individual with respect to his or her employment on the basis of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Further, Title VII's antiretaliation provision forbids an employer from taking action that discriminates against an employee because that employee has either "opposed any practice made an unlawful employment practice by this subchapter" or has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

4

However, even if Plaintiff is asserting claims under Title VII, Plaintiff has failed to allege any facts to support a Title VII claim for discrimination or retaliation. A plaintiff alleging an employment discrimination claim is not required to plead facts establishing a prima facie case under the *McDonnell Douglas* framework to survive dismissal. *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). However, although a plaintiff is not required to plead facts that constitute a prima facie case, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citations and internal quotation marks omitted) (alteration in original). Here, Plaintiff's Complaint fails to present sufficient facts to state a claim for discrimination or retaliation and leaves open to speculation the cause for Defendant's alleged adverse employment decision.

Importantly, Plaintiff fails to allege any facts showing on what basis he has been discriminated or that he is a member of a protected class under Title VII. Indeed, Plaintiff presents no facts to support his allegations of discrimination, other than blanket statements that he was subjected to harassment, a hostile work environment, and "heightened scrutiny" of his work performance and that he was denied a promotion. [Doc. 1 at 5.] Likewise, Plaintiff has failed to allege sufficient facts to support his claim of retaliation. Plaintiff simply asserts that he was denied a promotion, which he believes was the "result of [his] engagement in a protected activity." [Doc. 1 at 5.] However, Plaintiff presents no allegations concerning what protected activity he was engaged in or any causal connection between that protected activity and the adverse employment action. As such, the Complaint is insufficient and subject to dismissal because it has failed to "'nudge[ ]

[Plaintiff's] claims' of . . . discrimination [and retaliation] 'across the line from conceivable to plausible.'" *McCleary-Evans*, 780 F.3d at 587 (quoting *Iqbal*, 556 U.S. at 680).

Finally, although Plaintiff names Greenville Health System as a Defendant in this action, he makes no allegations against this Defendant in the Complaint. Because there are no allegations concerning Greenville Health System, Plaintiff's Complaint fails to state a claim on which relief can be granted as to that Defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (finding a complaint subject to summary dismissal where the body of the pleading contained no factual allegations against named defendants). In the absence of substantive allegations of wrongdoing against this named Defendant, there is nothing from which this Court can liberally construe any type of plausible cause of action arising from the Complaint against it. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (explaining that statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless).

Further, the Court notes that Plaintiff has previously filed other actions alleging Title VII claims against Greenville Health System, which the Court has dismissed as frivolous. In Plaintiff's most recent case, *Anderson v. Greenville Health System*, No. 6:17-cv-3239, Doc. 64 at 4 (D.S.C. Mar. 6, 2019), this Court dismissed Plaintiff's action and warned Plaintiff that "*the filing of future frivolous actions may result in appropriate sanctions against*

*Plaintiff, including sanctions available under Rule 11.*" Likewise, in *Anderson v. Greenville Health System*, No. 6:16-cv-1051, Doc. 66 (D.S.C. Oct. 31, 2016), the Court granted Defendant's motion to dismiss Plaintiff's Complaint, which alleged, among other things, retaliation and employment discrimination against Greenville Health System. Accordingly, to the extent that Plaintiff intends to re-assert claims against Greenville Health System that have been previously litigated and dismissed, he may not do so in the present action. *See Phagan v. Gurney*, No. 8:18-cv-894-TMC, 2018 WL 3640383, at *2 (D.S.C. Aug. 1, 2018) (citing *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).")).

## **CONCLUSION**

Consequently, for the reasons stated above, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915. Although Plaintiff has failed to present facts to support a claim for discrimination or retaliation, he may be able to cure the deficiencies of his Complaint by presenting allegations to support a cause of action under Title VII or similar federal law.[2] *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Accordingly, Plaintiff is hereby granted **twenty-one (21) days** from the date this Order is entered (plus three days for mail time) to file an **amended complaint**

---

[2]As explained above, if Plaintiff files an amended complaint, he must also file a completed Summons and USM-285 Forms for each Defendant in accordance with General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). For additional information, Plaintiff's attention is directed to the United States District Court for the District of South Carolina website which contains a Pro Se (representing yourself) Guide with information on representing oneself in a civil action in this Court. *See* United States District Court District of South Carolina Homepage, http://www.scd.uscourts.gov (click "Pro Se," then click "Guide") (last visited July 8, 2019).

pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal, with prejudice, pursuant to 28 U.S.C. § 1915.  *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *see also Workman v. Morrison Healthcare*, No. 17-7621, 2018 WL 2472069, at *1 (4th Cir. June 4, 2018) (explaining where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).

**IT IS SO ORDERED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 11, 2019
Greenville, South Carolina

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the Court pursuant to 28 U.S.C. § 1915.