IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rufus J. Anderson, ) | Case No. 6:19-cv-00859-DCC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Greenville Health System and J.A. Piper ) | |
| Roofing Co., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint and Amended Complaint alleging a claim for retaliation and employment discrimination under 42 U.S.C. § 5000(e). ECF Nos. 1, 24. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 28, 2019, the Magistrate Judge issued a Report recommending that Greenville Health System ("GHS") be dismissed. ECF No. 33. Plaintiff filed objections to the Report. ECF No. 37.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends that GHS be dismissed from the present action because Plaintiff fails to make any allegation against GHS in the Amended Complaint in support of a claim for discrimination or retaliation. The Magistrate Judge further notes that Plaintiff has filed other actions alleging Title VII claims against GHS which have been dismissed as frivolous. She states that Plaintiff may not attempt to reallege the same complaints here.

Plaintiff objects to the Magistrate Judge's recommendation. He contends that his first Complaint contained sufficient factual allegations to survive summary dismissal. As noted by the Magistrate Judge, Plaintiff's initial Complaint alleged the following, verbatim,

> While employed with [Defendant] J.A. Piper I was subjected to harassment and a hostile working environment[.] My work performance was subjected to heightened scrutiny. As a result of unlawful treatment, I was denied a promotion on Sept[ember] 12, 2018. I believe this to be a result of my engagement in a protected activity.

ECF No. 22 (quoting ECF No. 1 at 5).

Accordingly, the Court agrees with the Magistrate Judge initial determination that, even liberally construed, Plaintiff makes no allegations against this Defendant in the Complaint. Turning to the Amended Complaint, Plaintiff states that he was denied a promotion with J.A. Piper Roofing Co. and that he has "evidence that the reason was [his] engagement in C/A's 6:17-01051 & 6:17-cv-03239." ECF No. 24 at 3. The case numbers refer to his previously filed lawsuits against GHS. Plaintiff also alleges that GHS had "knowledge of J.A. Piper's misconduct" and that "even though [GHS] is not liable at the time of action[,] they are in relief." *Id.* at 4. These allegations fail to allege any plausible claim against GHS.

Accordingly, upon de novo review of the Complaint and the Amended Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. While a plaintiff alleging an employment discrimination claim is not required to plead facts establishing a prima facie case under the *McDonnell Douglas* framework to survive dismissal, *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citations and internal quotation marks omitted) (alteration in original). Here, there is no allegation of wrongdoing by GHS.[1]

---

[1] In his objections, liberally construed, Plaintiff may contend that he engaged in protected activity by filing his previous lawsuits with GHS which resulted in an adverse

Accordingly, the Court adopts the recommendation of the Magistrate Judge. GHS is **DISMISSED** from the present action with prejudice and without issuance of service of process.[2]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 17, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

employment action by J.A. Piper Roofing Co. This allegation is insufficient to state a plausible claim for retaliation by GHS.

[2] Because Plaintiff has been afforded an opportunity to amend his pleadings as to GHS, further amendment would be futile for the reasons stated herein. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015); *Workman v. Morrison Healthcare*, No. 17-7621, 2018 WL 2472069, at *1 (4th Cir. June 4, 2018) (explaining where the district court has already afforded a plaintiff with the opportunity to amend, the district court, in its discretion, can either afford plaintiff an additional opportunity to file an amended complaint or dismiss the complaint with prejudice).