UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rufus J. Anderson, | ) | C/A No. 6:19-cv-00859-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JA Piper Roofing Co, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of Title

VII of the Civil Rights Act of 1964, as amended.  ECF No. 24.  Defendant filed a Motion

for Summary Judgment.  ECF No. 131.  Plaintiff filed a Response in Opposition.  ECF No.

135.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.),

this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-

trial proceedings and a Report and Recommendation ("Report").  On September 8, 2020,

the Magistrate Judge issued a Report recommending that the Motion be granted.  ECF

No. 145.  Plaintiff filed objections to the Report.  ECF No. 147.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Magistrate Judge recommends granting summary judgment as to Plaintiff's retaliation claim because he fails to establish a prima facie case.  ECF No. 145.  She finds that Plaintiff fails to identify any action taken against him that was materially adverse. Plaintiff objects and argues that he was denied a promotion that included a pay increase. ECF No. 147.

Title VII makes it unlawful for an employer to retaliate against an employee for engaging in activity protected by the statute. *See* 42 U.S.C. § 2000e-3(a). Claims of retaliation are also generally analyzed under the *McDonnell Douglas* burden-shifting framework.  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 248 (4th Cir. 2000).  The requisite elements for a prima facie case of retaliation typically include: (1) the employee engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse

action. *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008); *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).  Moreover, "[r]etaliation claims under Title VII can be based on an employer's retaliatory creation of a hostile work environment."  *Fordyce v. Prince George's Cty.*, 43 F. Supp. 3d 537, 552 (D. Md. 2014) (citing *Von Gunten v. Maryland*, 243 F.3d 858, 869 (4th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006)).  However, a plaintiff "must show a *prima facie* case for retaliation, including evidence that her employer's adverse actions amount to a hostile work environment."  *Id*.

Here, Plaintiff has failed to establish that that any materially adverse action was taken against him.  Plaintiff asserts that when the position of "Lead Man" came open, it was given to someone else in retaliation for his protected activity.  In his objections, Plaintiff seems to argue that he has new evidence that the Lead Man position included a pay increase.  ECF Nos. 147 at 3–5; 147-3.  However, evidence provided by Defendant establishes that there was no pay increase related to the designation of Lead Man.  ECF No. 131-3 ¶ 6.  Moreover, Plaintiff has failed to identify any other significance to being named Lead Man.  Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of retaliation and grants summary judgment as to this claim.

With respect to any claim that Defendant retaliated against him by subjecting him to a hostile work environment, the Magistrate Judge recommends that summary judgment be granted as to any such claim because he has forecasted no evidence that he was subject to harassment that was so severe or pervasive.  ECF No. 145 at 6–7.  "To state

a claim for retaliatory hostile work environment, also known as retaliatory harassment, a plaintiff must show . . . (1) engagement in a protected activity; (2) that he was subjected to severe or pervasive retaliatory harassment by a supervisor; and (3) a causal link between the protected activity and the harassment." *Wilkins v. Sessions*, No. 8:17-403-TMC-KDW, 2018 WL 3131027, at *16 n.17 (D.S.C. June 8, 2018) (internal quotation marks omitted), *Report adopted by* 2018 WL 3127323 (D.S.C. June 26, 2018). "Stated another way, a retaliatory hostile work environment claim requires establishing the same facts as a retaliation claim, save that the 'materially adverse' element is replaced by subjected to severe or pervasive retaliatory harassment by a supervisor." *Id.*   Here, Plaintiff has provided no evidence beyond his own conclusory allegations.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).  Accordingly, summary judgment is appropriate with respect to this claim.[1]

## **CONCLUSION**

Therefore, the Court adopts the recommendation of the Magistrate Judge.  The Motion for Summary Judgment [131] is **GRANTED**.


IT IS SO ORDERED.

---

[1] To the extent Plaintiff intends to object to the Magistrate Judge's prior rulings on discovery matters, the Court has reviewed these rulings and overrules Plaintiff's objections.  *See* Fed. R. Civ. P. 72(a)

s/Donald C. Coggins, Jr.
United States District Judge

October 16, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.